IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-01448-MSK-MJW

DISH NETWORK L.L.C., f/k/a EchoStar Satellite L.L.C.,
a Colorado limited liability company,

    Plaintiff,

v.

B4U U.S., INC., a Delaware corporation,

    Defendant.

## STIPULATED PROTECTIVE ORDER

The Parties hereby stipulate and agree, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, to entry by the Court of the following Stipulated Protective Order which will order that the following procedures are to be employed in Case No. 09-CV-01448-MSK-MJW to prevent disclosure or improper use of confidential information.

UPON THE STIPULATION AND AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED as follows:

1. Any party to this action may designate as "Confidential Material" in the manner set forth in paragraph 3, any document, deposition testimony, information, or other material sought to be discovered, whether from a party or from a non-party that it believes to constitute proprietary, confidential or trade secret information. The terms of this Stipulated Protective Order govern all aspects of the procedures to be followed in making or challenging such

designations and of the terms, conditions and restrictions on the use of such Confidential Materials in this case

2. In the event any documents, deposition testimony, information or other material is sought in this litigation from any person or entity not a party to this litigation, such person or entity shall have the same rights to designate any such material as Confidential Material as a party would have, and the use of such Confidential Material by the parties shall be governed in all respects by this Stipulated Protective Order. The terms "party" and "parties" as used herein include any such non-parties to the extent necessary or appropriate to effectuate the terms of this paragraph.

3. Materials to be treated as Confidential Materials must be designated as follows:

a. <u>Written discovery answers</u>. Any party wishing to designate written discovery answers as Confidential Material must type those answers in a separate document in which every page is marked with the following legend:

CONFIDENTIAL pursuant to Protective Order in
USDC Case No 1:08-cv-00330-WDM-MJW

b. <u>Other written materials</u>. Any party wishing to designate other written materials as Confidential Materials must place the above legend upon every page of any document containing information to be treated as Confidential Material.

c. <u>Oral testimony</u>. Any party wishing to designate deposition testimony as Confidential Material must either:

i. In advance of disclosure, state that the testimony is Confidential Material and advise all persons present that the information is subject to this Stipulated Protective Order. The testimony must be separately transcribed and marked with the above legend. Only those persons designated in paragraph 4, who have complied with paragraph 5, if applicable, may view, listen to or read this testimony.

ii. If a designation of Confidential Material is not made in advance of disclosure at a deposition, such designation may be made within 10 days following the date the party receives the deposition transcript, by mailing a written notice of designation to all parties. All persons with copies of the deposition transcript shall then mark their copies with the above legend.

       Until the 10-day period has expired, all deposition testimony and transcripts shall be treated as Confidential Material.

4. Except as set forth in this Order, Confidential Material or the contents of Confidential Material of another party must not be shown to, given to, discussed with, or otherwise disclosed to any person other than:

  a. Counsel of record for the parties and their respective partners, associates, paralegals and clerical personnel;

  b. Persons retained by the parties or their attorneys to assist in the prosecution or defense of this case (including consultants, expert consultants, witnesses, and third-party vendors and their employees, retained by the parties or counsel who are involved in one or more aspects of copying, microfilming, reorganizing, filing, coding, converting, storing or retrieving data).

  c. Court reporters of depositions in this action;

  d. Persons reasonably believed to have authored, received or been aware of the Confidential Material or who are employees of the party which produced or designated the Confidential Material, provided such persons are not given a copy of any such Confidential Material to retain;

  e. The Court, provided that such materials are marked Confidential Pursuant to Court Order and filed under seal; and

  f. A party's officers, directors, and employees that are designated by that party to the extent such disclosure is reasonably necessary for preparation of the case.

5. Counsel shall not disclose Confidential Material or the contents of Confidential Material of another party to any of the persons listed in subparagraph "b" of paragraph 4, until that person has executed and provided to that Counsel an Affidavit in the form of Exhibit A attached hereto. Copies of the executed Affidavits are to be provided to opposing counsel upon request during the pendency of the case and upon conclusion or final settlement of this litigation.

6. Any person obtaining access to Confidential Materials or the information in those materials of another party, may use the information and Confidential Materials only for the purposes of this case and for no other purpose.

7.  Within 90 days of the conclusion or final settlement of this litigation and any appeal, all persons subject to the terms of this Order must:

   a.  destroy or assemble and return to the party who produced the Confidential Materials, all such Confidential Materials, including depositions and deposition exhibits designated as Confidential Material, and all copies thereof; and

   b.  destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the information in the Confidential Material;

except that Counsel may retain one archival copy of court filings, depositions and documents marked as exhibits for depositions, containing Confidential Materials, which materials will otherwise remain subject to this Stipulated Protective Order.

8.  Confidential Materials and the information in them may be used in any court proceeding in this case, including depositions, hearings and trial, subject to the rules of evidence, the Federal Rules of Civil Procedure and any other applicable law. Such information shall not lose its confidential status through such use, and the parties shall take reasonable steps to protect the confidentiality of such information during its use.

9.  Nothing in this Stipulated Protective Order shall require production of information which any Party contends is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to any claim of privilege or work product immunity for such information. If any Party has inadvertently produced information subject to a claim of immunity or privilege, any Party receiving the information shall promptly return the information upon its discovery of the inadvertent production, or when a claim of inadvertent production is made. If a Party disagrees with a claim

of inadvertent production, the Party, after returning such information, may then move the Court for an Order compelling production of such information.

10. By production of any Confidential Material or providing testimony pursuant to this Stipulated Protective Order, the parties do not waive, but rather expressly reserve any and all legal rights, obligations, privileges, or immunities applicable to such Confidential Material and any corresponding testimony or information. Nothing contained in this Stipulated Protective Order shall affect the rights, if any, of the parties to make any other type of objection, claim or other response to any discovery request, subpoena, or any question at deposition, nor shall this Stipulated Protective Order be construed as a waiver by the parties of any legally cognizable privilege to withhold any document or information, or of any right to which the parties may have to assert such privilege at any stage of these proceedings.

11. For good cause shown, any party may at any time seek modification or termination of this Order, first by seeking to obtain the consent of every other party to such modification or termination, and then, absent consent, by application to this Court. No party shall seek any modification or termination of this Stipulated Protective Order without providing the other parties a minimum of ten (10) days written notice.

12. Nothing in this Stipulated Protective Order constitutes a finding or admission that any Confidential Material or information is in fact confidential, proprietary or otherwise not subject to disclosure. Any party may bring before the Court at any time the question of whether any particular Confidential Material does, in fact, contain confidential material, including whether such confidential material or information: (a) is subject to disclosure or must be disclosed pursuant to any federal, state or local laws, (b) has been previously disclosed in any public forum, or (c) whether this Stipulated Protective Order should be modified. The party

asserting the confidentiality of any document or other information shall have the burden of establishing that such document or other information is entitled to protection as Confidential Material.

13. The terms of this Stipulated Protective Order, as and if modified, shall survive and remain in effect after the termination or settlement of this litigation.

DONE in OPEN COURT this 14TH day of September, 2009

BY THE COURT

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

_____
United States Magistrate Judge

The foregoing Stipulated Protective Order is stipulated and agreed to by the parties' undersigned counsel:

Respectfully submitted: September 8, 2009.

**LINDQUIST & VENNUM, P.L.L.P.**

*s/ Stuart N. Bennett*
Stuart N. Bennett
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone: (303) 573-5900
FAX: (303) 573-1956
E-mail: sbennett@lindquist.com
Attorneys for Paintiff

**DAVIS GRAHAM & STUBBS, LLP**

*s/ Rudy E. Verner*
Rudy E. Verner, Esq.
1550 17th Street, Suite 500
Denver, Colorado, 80202.
(303) 892-9400
Attorneys for Defendant

Doc# 3067622\1

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   09-CV-01448-MSK-MJW

DISH NETWORK L.L.C., f/k/a EchoStar Satellite L.L.C.,
a Colorado limited liability company,

      Plaintiff,

v.

B4U U.S., INC., a Delaware corporation,

      Defendant.

_____

## AFFIDAVIT
_____

STATE OF _____ )
                           )
COUNTY OF _____ )

I, _____, have been provided a copy of the Stipulated Protective Order entered in this action concerning the manner in which Confidential Material shall be treated.

I have read and understand the Stipulated Protective Order, and I will abide by the Stipulated Protective Order. I understand that if I fail to comply with the Stipulated Protective Order I may be punished by contempt of court and ordered to pay money to any person damaged by my disclosure.

                                                   _____
                                                         (Signature)

Subscribed and sworn to before me this _____ day of _____, 2009.
My commission expires: _____

                                                   _____
                                                   Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| ***Attorneys for Defendant*** | Tom.johnson@dgslaw.com | Thomas P. Johnson<br>Michael J. Gallagher<br>Rudy E. Verner<br>DAVIS GRAHAM & STUBBS LLP<br>1550 – 17th Street, Suite 500<br>Denver, CO   80202 |
| | Mike.gallagher@dgslaw.com | |
| | Rudy.verner@dgslaw.com | |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:

NONE

*s/   Stuart N. Bennett*
Stuart N. Bennett
Attorneys for Plaintiff
   DISH Network, L.L.C.
    f/k/a EchoStar Satellite L.L.C.
Lindquist & Vennum P.L.L.P.
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone:   303-573-5900
Fax:              303-573-1956
E-mail:         sbennett@lindquist.com